IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03006-BNB

JEREMY PINSON,

      Applicant,

v.

DAVID BERKABILE,

      Respondent.

_____

ORDER

_____

      This matter is before the Court on Applicant Jeremy Pinson's Amended

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed on January

4, 2013.

      Mr. Pinson is a prisoner in the custody of the United States Bureau of Prisons

and is currently incarcerated at ADX in Florence, Colorado.  Mr. Pinson initiated this

action by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

on November 15, 2012, challenging the disciplinary proceeding in Incident Report No.

2076801.  Mr. Pinson also has filed a Prisoner's Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action

      On January 4, 2013, Mr. Pinson and another inmate, Erwin Villatoro, filed an

Amended Application.  For the reasons stated below the Amended Application will be

stricken.

      In the Amended Application, Mr. Pinson and Mr. Villatoro seek to add Mr.

Villatoro as a second applicant and to challenge fifteen of Mr. Villatoro's disciplinary

proceedings along with Mr. Pinson's one disciplinary proceeding.  In particular, they

claim that Mr. Villatoro is mentally ill and was not given a competency exam or staff

representation and was denied his right to present witness testimony.

Although Rule 20 of the Federal Rules of Civil Procedure authorizes the joinder of parties and claims that present a common question of law or fact, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party.

Rule 20(a) applies and provides as follows:

(1) Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Mr. Pinson and Mr. Villatoro currently are housed at ADX in Florence, Colorado, and claim they have mental health issues and were denied a competency evaluation at their many disciplinary proceedings.   The similarities stop there.  They are challenging the particulars of their own disciplinary proceedings.  Their claims do not arise out of the same transactions or occurrences, nor can it be said that there is a common question of law or fact under these circumstances relating to their individual disciplinary actions. Therefore, the Court will order the amended application stricken.  Mr. Villatoro may file a new and separate action.  Accordingly, it is

ORDERED that the Amended Application, ECF No. 6, is ordered stricken.

DATED at Denver, Colorado, this __23rd__ day of ____January_____, 2013.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court