**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-03006-RM

JEREMY PINSON,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

---

**ORDER DENYING MOTION TO RECONSIDER**

---

At issue is Applicant Jeremy Pinson's Motion to Vacate Judgment Based on Newly Discovered Evidence, ECF No. 39, filed on February 5, 2015. The Court must construe the Motion liberally because Applicant is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). This case was dismissed on April 25, 2012, on the merits. A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Id.* (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  The decision to grant relief under Rule 60(b) is discretionary; and Applicant has the burden to show that exceptional circumstances exist that require the Court to amend or vacate a final judgment or order.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Upon consideration of the Motion to Reconsider and the entire file, the Court finds that Applicant fails to demonstrate some reason why the Court should reconsider and vacate the March 13, 2014 Order of Dismissal.

In the Motion to Reconsider, Applicant asserts that due to his recent evaluation and experts' findings that he is "actively psychotic" this action should be reopened.  ECF No. 39 at 1.  Applicant further asserts the evaluation "casts a shadow upon these proceedings such that they should be reopened on this evidence."  *Id.*  Applicant's assertions are conclusory and vague and fail to show that exceptional circumstances exist to reopen this case.  The Motion to Reconsider, therefore, will be denied.  Accordingly, it is

ORDERED that the Motion to Vacate Judgment, ECF No. 39, filed on February 5, 2015, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED February 9, 2015, at Denver, Colorado.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge